**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x

WILLIAM SANTANA and MIGUEL
FERNANDEZ, on behalf of themselves and others
similarly situated,

                Plaintiffs,

 - against –

ALL MOMENTS INC.; GOOD COMPANY
PICTURES, LLC; HYPERACTIVE CONTENT,
LLC; MORTON JANKEL ZANDER, INC.;
PURSUIT PRODUCTIONS, INC.; ALLSWELL
PRODUCTIONS; SMUGGLER INC; LISA J
MEDINA; and JOHN DOES #1-8,

                Defendants.

------------------------------------------------------------- x

:  Civil Action No. 18-2859

:

:

:

:  **FLSA COLLECTIVE ACTION and**
:  **RULE 23 CLASS ACTION**
    **COMPLAINT**
:

:

:  **Jury Trial Demanded**

:

        Plaintiffs WILLIAM SANTANA and MIGUEL FERNANDEZ ("Plaintiffs"), on behalf

of themselves and other similarly situated employees, as class representative, by and through

their attorney, Mohammed Gangat, Esq., bring this action for damages and other legal and

equitable relief from defendants ALL MOMENTS INC.; GOOD COMPANY PICTURES, LLC;

HYPERACTIVE CONTENT, LLC; MORTON JANKEL ZANDER, INC.; PURSUIT

PRODUCTIONS, INC.; ALLSWELL PRODUCTIONS; SMUGGLER INC; LISA J MEDINA;

and JOHN DOES #1-8, ("Defendants") and allege upon personal knowledge as to himself and

upon information and belief as to other matters, as follows:

## INTRODUCTION

        1.    This is a collective and class action brought under the Fair Labor Standards act, as

amended, 29 U.S.C. § 201 *et seq*, New York Labor Law §§650 *et seq* (the New York Wage

Theft Prevention Act) against Defendants for their failure to pay proper overtime compensation

and provide proper notices to Parking Production Assistants ("PAs") hired by Defendants to

secure sets, lots, and streets throughout the New York metropolitan area (the "Production Sites"), in connection with Defendants' production of motion pictures, films, and movies ("Media Content").

2. PAs are required to keep the Production Sites clear of pedestrians and motorists by either placing cones or by parking company vehicles in order to block both foot and vehicle traffic. PAs are also responsible for safeguarding production vehicles and equipment while they are on set.

3. Plaintiffs, along with similarly situated current and former employees of Defendants, are non-exempt employees who are paid a shift rate of pay and who do not receive proper notices or overtime compensation for hours worked beyond forty (40) per workweek.

4. Defendants' regular failure to pay Plaintiffs and all other similarly situated employees for all hours over forty (40) in a workweek violated the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq* ("FLSA"), New York Labor Law §§650 *et seq* ("Minimum Wage Act"), the New York Wage Theft Prevention Act § 195 ("WTPA") (together, the "NYLL") and any other cause(s) of action that can be inferred from the facts set forth herein.

5. Defendants violate these laws by engaging in a systematic scheme of altering Plaintiff's paychecks in order to deprive him of his statutorily required overtime pay.

6. Each of the Plaintiffs allege on behalf of himself and similarly situated current and former employees who elect to opt into this action pursuant to the FLSA, that they are entitled to recover: (i) unpaid and incorrectly paid wages for hours worked above 40 in a workweek, as required by law; (ii) unpaid overtime; (iii) liquidated damages; (iv) prejudgment interest; (v) attorney fees and costs pursuant to the FLSA; and (vi) further relief as this Court finds necessary and proper.

7.      Plaintiffs also bring this action, pursuant to the Fed. R. Civ. P. 23, on behalf of a class of all persons who are and were employed by Defendants in the New York metropolitan area as PPAs (including comparable positions under any other nomenclature) during the past six (6) years through the final date of the disposition of this action who: (i) were not paid minimum wage for all hours worked or who were not properly paid overtime wages for hours worked above forty (40) in a workweek, as required by the NYLL; or, (ii) who were subjected to Defendants' willful failure to comply with the notice and record keeping requirements of NYLL§195(1) and 195(3) resulting in penalties under NYLL § 198(1)d; and who are entitled to recover (i) back pay; (ii) unpaid overtime; (iii) liquidated damages; (iv) statutory damages for notice and recordkeeping violations; (v) attorney's fees and costs; (vi) interest; and (vii) further relief as this Court finds just and proper.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, 28 U.S.C. § 1337, which confers original jurisdiction upon this Court for actions arising under any Act of Congress regulating commerce, 28 U.S.C. § 2201, which confers original jurisdiction upon the filing of an appropriate pleading seeking to declare the rights and other legal relations of any interested party seeking such declaration, and 28 U.S.C § 2202, conferring original jurisdiction concerning further necessary or proper relief based upon a declaratory judgement.

9.       The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article

III of the United States Constitution.

10.     Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State and District in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (c), in that Defendants maintain offices, conduct business and reside in this district.

## PARTIES

11.     Plaintiff William Santana is a resident of Bronx, New York.

12.     Plaintiff Miguel Fernandez is a resident of Bronx, New York.

13.     Defendant ALL MOMENTS INC. is an active New York Corporation that does business at 382 Central Park West, Suite 20g, New York, NY 10025.

14.     Defendant GOOD COMPANY PICTURES LLC is an active New York Corporation that does business at 104 East 25th Street, 12th Floor, New York, NY 10010 and 132 W 32nd Street, 9th Floor, New York, NY 10011.

15.     Defendant HYPERACTIVE CONTENT, LLC  is an active New York limited liability company that does business at 131 Prince Street, Suite 7R, New York , NY 10012.

16.     Defendant MORTON JANKEL ZANDER, INC. is an active California corporation that is registered to do business in New York.

17.     MORTON JANKEL ZANDER, INC. California offices are located at 2201 Carmelina Ave, Los Angeles, CA, 90064.

18.     Defendant PURSUIT PRODUCTIONS, INC. is an active New York corporation that does business at 207 West 25th Street, Suite 600, New York, NY 10001.

19.     Defendant ALLSWELL PRODUCTIONS is an entity of unknown incorporation status and statehood.  This defendant did business, during the relevant time period, at 25 Rector

Street, Beacon, NY 12508.

20.     Defendant SMUGGLER INC is a California Corporation, that did business in New York during relevant time periods and continues to do business in New York at the present time.

21.     SMUGGLER INC. New York offices are located at 38 W 21st Street, 12th Floor, New York, NY 10010.

22.     Defendant LISA J MEDINA is resident of Staten Island, New York.

23.     Defendants JOHN DOE #1-8 represent the currently unknown individuals who were employed by/agents of the named Defendants and involved in or otherwise responsible for the production, scheduling, hiring, termination terms & conditions of employment, compensation and/or overall pay practices applicable to PPAs, including Plaintiffs.

24.     All of the Defendants transacted business in New York by employing Plaintiff and all those similarly situated in the New York metropolitan area during the production of various motion pictures, films and movies, television shoots, online video shoots, and commercial shoots.

25.     Upon information and belief, at all times relevant to the allegations in this Complaint, each of Defendants was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of not less than $500,000.

26.     At all relevant times, Defendant Lisa J Medina along with each of the other Defendants, jointly employed Plaintiff formed a "single integrated enterprise."

## CLASS ACTION ALLEGATIONS

27.     Plaintiffs bring the first claim for relief pursuant to 29 U.S.C. § 216(b) on behalf

of themselves and all similarly situated persons who elect to opt into this action and presently

work for, or in the past has worked for, any or all of the Defendants, in the following collective

class:

> All PPA's (or other employees performing substantially the same job
> duties and responsibilities under other nomenclature), employed in the
> New York Metropolitan area, who worked in excess of forty (40) hours in
> a given workweek during the FLSA statutory period ("FLSA Class") on
> the production of Media Content produced by Defendants or their
> affiliated entities.

28.     At all relevant times, Plaintiffs are and have been similarly situated to all FLSA

Class members because while employed by Defendants they performed similar tasks, were

subject to the same laws and regulations, were paid in the same or similar manner, were paid the

same or similar rates, were required to work in excess of forty (40) hours per work-week, and

were not paid the required one and a half (1 ½) times their respective regular rates of pay for

time worked beyond (40) hours per week.

29.     Upon information and belief, Defendants treated all FLSA Class members

similarly in requiring them to work in excess of forty (40) hours per workweek without adequate

overtime compensation. Plaintiffs and FLSA Class members currently work (or worked) for

Defendants at various Production Sites throughout New York metropolitan area four (4) to six

(6) days per week for an average of sixty (60) to one-hundred (100) hours per week, or more.

They were regularly and specifically scheduled to work more than forty (40) hours per

workweek, yet Defendants did not pay them the statutorily required overtime compensation. This

practice was applied to all PPAs who worked for Defendants in a similar or identical fashion.

30.     Defendants are liable under the FLSA for, *inter alia,* failing to properly

compensate the FLSA Plaintiffs, and as such, notice should be sent to the FLSA Class members

pursuant to 29 U.S.C. § 216(b). There are numerous similarly situated current and former

employees of Defendants who were subject to the conduct complained of herein and who would

benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity

to join the action. Those similarly situated employees are known to Defendants, are readily

identifiable, and can be located through Defendants' records.

31.    Defendants' conduct, as set forth in this complaint, was willful and in bad faith,

and has caused significant damages to Plaintiffs and the FLSA Class. As exemplified by their

doctored payroll records, Defendants are and have been aware of the requirement to pay

Plaintiffs an overtime rate for their hours in excess of forty (40) per workweek. However,

Defendants have purposefully elected to force Plaintiffs to work off-the-clock hours by

unilaterally reducing their reported hours of work each workweek and thus have knowingly and

willfully failed to pay overtime.

## RULE 23 CLASS ALLEGATIONS

32.    Plaintiff additionally seeks to maintain this action as a class action pursuant to

Fed. R. Civ. P. 23(b)(3), on behalf of those who, during the previous (6) years, were subjected to

violations of the NYLL.

33.    The Class which Plaintiff seeks to define includes:

All PPA's (or other employees performing substantially the same job duties and
responsibilities under other nomenclature), employed in the New York Metropolitan area,
who worked in excess of forty (40) hours in a given workweek during the NYLL Labor
Law statutory period (the "New York Class") on production of Media Content by
Defendants or their affiliated entities.

34.    The persons in the New York Class identified are so numerous that joinder of all

members is impracticable. Although Plaintiff does not know the precise number of such persons,

the facts upon which to base the calculation of that number are readily ascertainable since the identity, addresses, time records, work schedules, positions, and rates of pay for each Class member are determinable from Defendants' records. Notice can be provided to FRCP 23.

35.     Upon information and belief, during the previous six (6) years, Defendants have, in total, employed well in excess of 100 PPAs in order to staff their Production Sites throughout the State of New York.

36.     There are questions of law and/or fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to the following:

a.   whether members of the New York Class were scheduled to work and/or required to work shifts of approximately twelve (12) hours or twenty four (24) hours, spanning four (4) to six (6) consecutive days per week;

b.   whether members of the New York Class were paid at least the minimum wage for the hours worked in excess of forty (40) hours per week.

c.   Whether members of the New York Class were properly compensated for overtime pay pursuant to Defendants' policies;

d.   Whether Defendants failed to properly pay members of the New York Class for the hours worked in excess of forty (40) hours per week;

e.   whether Defendants had a uniform policy and practice of paying a flat shift-rate of pay, including for overtime hours Defendants acknowledged Plaintiff and members of the New York Class worked;

f.   whether Defendants required members of the New York Class to work "off-the-clock" prior to and/or after their shifts;

g.  whether Defendants reduced members of the New York Class's actual hours worked each pay period in an effort to circumvent overtime pay requirements and whether such circumvention was willful;

h.  whether Defendants kept accurate records of hours worked by members of the New York Class; and,

i.  whether Defendants have any affirmative defenses for any of these claims.

37.     The claims of Plaintiffs are typical of the claims of the members of the New York Class sought to be represented. Plaintiffs and the other New York Class Members are or were employed by one or more of the Defendants and their affiliated entities and have been subjected to their policies, patterns or practices of failing to pay minimum wage, overtime or proper overtime wages for hours worked in excess of forty (40) hours per week.

38.     Defendants employed Plaintiffs in the same capacity as all members of the New York Class. All members of the New York Class were treated the same or similarly with respect to pay or lack thereof. Thus, there are common questions of law and fact which are applicable to each and every one of the members of the New York Class.

39.     This treatment included, but was not limited to, failure to pay employees the proper minimum and overtime wages.

40.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the New York Class.

41.     Plaintiffs have kept records from their time working for Defendants and their affiliated entities and would properly and adequately represent the current and former employees who have been subjected to the treatment alleged herein. Additionally, Plaintiffs' attorney has substantial experience in this field of law.

42.     A class action is superior to other available methods for the fair and efficient adjudication of the NYLL claims, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a company. Class treatment of the New York Class claims is superior because it will obviate the need for duplicative litigation that may result in inconsistent judgements about Defendants' practices. Plaintiffs have no facts relating to the class claims that are atypical from those of the class. Indeed, upon information and belief, Plaintiffs were treated identically to other members of the New York Class.

## STATEMENT OF THE FACTS

*Facts Common to Plaintiff and Defendants*

43.     Defendants produce various motion pictures, films and movies on video and in digital form.

44.     As part of such production, the Defendants hire PPAs to work on their various Production Sites in the New York metropolitan area.

45.     The PPA's secure the Production Sites during the course of said productions. In order for the PPA's to properly secure the Production Sites, they are required to work round-the-clock surveillance without any breaks.

46.     As PPAs, Plaintiffs are required to work during all hours in which Defendants or their property are present on a Production Site, including during inclement weather and when the set is shut down for any reason.

47.     Plaintiffs are unable to leave the Production Site for food and is not provided compensation for either lunch or dinner, although dinner is provided for other employees of the Defendants.

48.     Plaintiffs are given limited access to the restrooms on the Production Sites.

Plaintiffs are only provided restroom privileges when and if the production is in the midst of filming. Otherwise, Plaintiffs are forced to go to the bathroom in their car or pay local businesses in order to use their restroom facilities. Due to limitations on their ability to leave their assigned locations, many times, Plaintiffs are forced to urinate and defecate into bottles and buckets in their vehicles.

49.    Moreover, Plaintiffs are forced to work in extreme weather and at times is not allowed to use externally powered heathers or is forced to run his vehicle 24 hours per day in order to have heat or air conditioning.

50.    Generally, at each Production Site, a location manager, a parking coordinator, and an accountant for Defendants determine a flat rate of pay per shift that is applicable to all of the PPA's utilized at that Production Site.

51.    The Defendants have been responsible for scheduling the Plaintiffs for work and determining the number of shifts each Plaintiff worked in a given week.

52.    Defendants paid Plaintiffs and those similarly situated with a flat shift-rate of pay ranging from $140.00 to $160.oo for each twelve (12) hour shift. This rate of pay varied based on the production on which each Plaintiff was working. The most common shift rate was $150.00 per shift.

53.    On occasion, Plaintiffs were required by Defendants to work at least four (4) hours in order to be paid for a six (6) hour "half-shift" rate of pay. Similarly, Plaintiff was required to work at least eight (8) hours in order to be paid for a twelve (12) hour "full-shift" rate of pay. If Plaintiff failed to meet the abovementioned thresholds, they were not compensated by Defendants for hours worked below these threshold levels.

54.    Plaintiffs never had any influence or say over their rate of pay per shift.

55.     Defendants provide a payroll company with all the necessary hiring and employment records for the Pas including, but not limited to: W2 employment forms, W4 employment forms, Pay Rate Acknowledgement Forms, Wage Verification Forms (purporting to provide the information required under the New York WTPA), Conflict of Interest Questionnaires, Direct Deposit Forms and Employment Verification Forms.

56.     During the execution of these documents, Defendants required Plaintiffs to leave the wage information blank on the Wage Verification Forms and Defendants later filled in the information required by the New York WTPA with the rates necessary to complete their scheme of depriving Plaintiff of his minimum wage and overtime pay.

57.     Defendants would then provide the final pay information for each PPA to a payroll company that issued paychecks to the Plaintiff per workweek.

58.     At various times over the past five years Plaintiff William Santana worked as a PPA for the Defendants.

59.     Plaintiff Santana was required to work in excess of 40 hours per week without receiving proper overtime compensation.

60.     Plaintiff Santana's paycheck did not reflect the actual hours worked and he was effectively made to work "off the clock."

61.     At various times over the past eighteen months Plaintiff Miguel Fernandez worked as a PPA for the Defendants.

62.     Plaintiff Fernandez was required to work in excess of 40 hours per week without receiving proper overtime compensation.

63.     Plaintiff Fernandez's paycheck did not reflect the actual hours worked and he was effectively made to work "off the clock."

*The Violations*

64.     Although Defendants informed Plaintiffs that they were to be paid on a flat rate basis, Defendants never correctly compensated Plaintiffs by paying the statutorily required overtime pay. Rather, ***Defendants unilaterally reduced the number of reported hours worked by Plaintiffs and calculated a fictitious, hourly overtime rate which ultimately resulted in Plaintiffs receiving only the flat shift rate.***

65.     As such, the reported hours worked on each of the paychecks were consistently less than what Plaintiffs actually worked during that pay period.

66.     Upon information and belief, Defendants have obtained the assistance of accountants and/or employees to calculate the precise number of purported regular, overtime and double time hours reported on Plaintiffs' checks so that Plaintiff's stated weekly gross earnings correspond to pre-determined totals budgeted and accounted for by Defendants.

67.     Defendants' methodology of "backing out" the hours to meet pre-determined weekly figured is unlawful, as it directly resulted in the Plaintiff being improperly paid for their total hours worked.

68.     In order to hide the fact that Plaintiffs had been paid less than what is statutorily required, Defendants falsely and incorrectly stated the hours worked in payroll records and on Plaintiffs' paychecks. Defendants did not take into account the fact that Plaintiffs' shifts were twelve (12) hours in length or longer when computing their hours worked per week. This was all done by Defendants as part of an effort to withhold wages from Plaintiffs and force Plaintiffs to work "off-the-clock."

69.     As a result, Plaintiffs have not been paid for their actual total hours worked throughout the workweek.

70.     Upon information and belief, Plaintiffs and those similarly situated have been treated uniformly throughout their employment with Defendants at their various Production Sites.

71.     At all relevant times, Defendants controlled all term and conditions of Plaintiffs.

72.     All Defendants have been aware of their payroll practice and were consciously disregarding the requirements of the FLSA and NYLL.

73.     All Defendants have been knowingly and willfully paying Plaintiffs and other similarly situated PAs a shift-rate for hours worked over forty (40) rather than a hourly rate, which deprived them of statutorily mandated overtime.

74.     All Defendants have been knowingly and willfully depriving Plaintiffs and other similarly situated PAs of the statutorily mandated minimum wage.

75.     This falsification of payroll records further evidences Defendants' knowing and willful violation of the law.

## CAUSES OF ACTION

### AS AGAINST DEFENDANT NEW C.A.P.S, LLC BY PLAINTIFF

**First Cause of Action**
**For Violation of the Fair Labor Standards Act, 29 U.S.C.**

76.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

77.     The Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

78.     The overtime wage provisions set forth in 29 U.S.C §§201, et seq., apply to Defendants.

79. Defendant have a policy and practice of paying a shift rate of pay in lieu of an hourly rate and overtime. Said shift pay did not accurately reflect overtime pay due to FLSA Plaintiffs.

80. As a result of Defendants willful failure to compensate FLSA Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants violated, and continue to violate, the FLSA.

81. As a result of Defendants' willful failure to record, credit and/or compensate FLSA Plaintiffs Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine the wages, hours, and other conditions and practices of employment, in violation of the FLSA.

82. As a result of Defendants' FLSA violations, FLSA Plaintiffs are entitled to recover from Defendants (a) overtime compensation; (b) an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA; and, (c) reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 U.S.C §216(b).

83. Because Defendants violations of the FLSA lacked good faith, a three-year statute of limitations applies pursuant to 29 U.S.C §255.

## Second Cause of Action

### for Violation of the New York Labor Law §§650 et. seq.

84. Plaintiffs on behalf of themselves and the New York Class, re-allege and incorporate by reference all proceeding paragraphs above as if they were set forth again herein.

85. Defendants employed Plaintiffs, and employed or continue to employ, each of the New York Class within the meaning of the NYLL.

86. Defendants have engaged in a widespread pattern and practice of violating the

minimum and overtime wage provisions of Article 19 of the NYLL and its supporting regulations, as detailed in the Complaint.

87.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

88.     Defendants have failed to pay Plaintiffs and New York Class overtime wages to which they are entitled under the NYLL.

89.     By virtue of Defendants' failure to pay Plaintiffs and the New York Class overtime wages for all hours worked in excess of forty (40) hours per week, Defendants Paramount has willfully violated NYLL Article 19, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. 142-2.1 and 12 N.Y.C.R.R. 142-2.2.

90.     As a result of Defendants' willful violations of the NYLL as relates to the Plaintiffs, they and the New York Class are entitled to recover from Defendants their unpaid minimum wages, overtime wages, liquidated damages, pre-judgment and post-judgment interest, as well as reasonable attorney's fees and costs of this action.

91.     Defendants violations have caused the Plaintiffs and the New York Class irreparable harm for which there is no adequate remedy at law.

### Third Cause of Action for Violation of the New York Labor Law

92.     Plaintiffs, on behalf of themselves and the New York Class, re-allege and incorporate by reference all proceeding paragraphs above as if they were set forth again herein.

93.     NYLL §195(3) requires that Defendants furnish each of its employees with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

94.     NYLL §195(4) requires, among other things, that Defendants establish and maintain, for at least six (6) years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

95.     NYLL §661 requires that Defendants maintain, *inter alia*, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

96.     12 N.Y.C.R.R. § 142-2.6 requires Defendants to establish, maintain, and preserve for six (6) years, weekly payroll records showing, *inter alia,* each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

97.     12 N.Y.C.R.R. § 142-2.7 requires Defendants to furnish each employee with a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

98.     Defendants did not provide Plaintiffs or the New York Class with accurate or truthful requisite notices and statements described above in the foregoing paragraphs.

99.     As a result of Defendants' failure to comply with the notice and record keeping requirements of NYLL § 195 (including subsections (3) and (4) thereof, Plaintiffs and members of the New York Class are entitled to recover from Defendants penalties as provided by NYLL §198(1)(b) and NYLL §198(1)(d).

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiffs, WILLIAM SANTANA and MIGUEL FERNANDEZ, on behalf of themselves and all members of the FLSA Class and the New York Class employed by Defendants, demand judgement against Defendants as follows:

i.    At the earliest possible time, Plaintiffs should be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA collective as defined herein. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join the lawsuit if they believe they were denied proper wages, including proper overtime wages;

ii.   Designation of Plaintiffs as representative of the FLSA Class and New York Class, and Plaintiffs' counsel as class counsel;

iii.  Equitable tolling of the FLSA stature of limitations as a result of the Defendants' failure to post requisite notices under the FLSA;

iv.   Certification of this action as a class action pursuant to Rule 23 of the Civil Rules of Civil Procedure for purposes of the claims brought on behalf of all New York Class members under the NYLL and the New York Department of Labor Regulations promulgated thereunder;

v.    Penalties under NYLL §§198(1)(b) and 198(1)(d) for Defendants' failure to comply with the notice and record-keeping requirements of NYLL §§195, including subsections (3) and (4) thereof;

vi.   Demand a jury trial on these issues to determine liability and damages;

vii.  Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

viii. A judgement declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-2019, New York Labor

Law §§ 650 *et. seq.* and the New York Wage Theft Prevention Act §195 of the New York Labor Law, as amended;

ix.     All damages which Plaintiffs and all FLSA and New York class members have sustained as a result of Defendants' conduct, including back pay, liquidated damages, front pay, general and specific damages for lost compensation and job benefits they would have received but for Defendant's improper practices;

x.      An award to the Plaintiffs and all FLSA and New York Class members representing Defendants' share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

xi.     An award to the Plaintiffs and all FLSA and New York Class members for the amount of unpaid wages, including interest thereon, and penalties subject to proof;

xii.    Awarding Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

xiii.   Pre-judgment and post-judgment interest, as provided by law; and

xiv.    Granting Plaintiffs and all FLSA and New York Class members other and further relief as this Court finds necessary and proper.

Dated: New York, New York
      March 30, 2018

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____

Mohammed Gangat, Esq.
675 3rd Avenue, Suite 1810
New York, NY 10017
(718) 669-0714
mgangat@gangatllc.com
*Attorneys for Plaintiffs William Santana, Miguel Fernandez and the Proposed Classs*